**Order entered December 5, 2017**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-17-01263-CV

### IN RE ARTURO SOLIS, Relator

---

**Original Proceeding from the 52nd District Court**
**Coryell County, Texas[1]**
**Trial Court Cause No. C10-11-40751**

---

## ORDER
### Before Justices Lang, Brown, and Stoddart

Relator Arturo Solis has been declared a vexatious litigant and is prohibited from filing pro se any new litigation in a court of this State without first obtaining permission from the local administrative judge. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(a)(1), 11.103(a) (West Supp. 2016). Relator filed a "Motion to Direct Trial Court to Institute Contempt of Court Proceedings Against District Clerk and to Appoint District Clerk Pro-Tem to Cause" ("Contempt Motion") in cause number 05-17-01143-CV, which was the cause number assigned to relator's petition for writ of mandamus seeking review of an August 9, 2017 order denying relator's motion for permission to file a petition for equitable bill of review. *Reeves v. State*, No. 05-12-01142-CV, 2013 WL 1249713, *1 (Tex. App.—Dallas Feb. 13, 2013, no pet.) (a vexatious

---

[1] Pursuant to Tex. Gov't Code § 73.001, the Supreme Court of Texas transferred all currently pending and future motions, writs of mandamus, and new proceedings arising from trial court cause number C10-11-40751 from the Court of Appeals for the Tenth District, Waco, Texas, to this Court. *See* TEX. SUP. CT. ORDER, Misc. Docket No. 17–9134 (Oct. 24, 2017).

litigant who is denied permission to file a litigation may apply for a writ of mandamus within thirty days of the decision); TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(f) (West Supp. 2016). After reviewing the Contempt Motion, the Court determined that the relief sought in the Contempt Motion was different from the relief sought in cause number 05-17-01143-CV. Specifically, the Contempt Motion seeks an order requiring the trial court to institute contempt of court proceedings against the district clerk and to appoint a district clerk pro-tem. In contrast, the petition in 05-17-01143-CV sought review of the August 9, 2017 order denying relator permission to file a petition for equitable bill of review. The Court accordingly docketed the Contempt Motion under a new cause number.

By letter dated November 3, 2017, we notified relator that the Court had reviewed the Contempt Motion, determined that it constitutes a new litigation, and docketed it as cause number 05-17-01263-CV. We instructed relator to file, by November 13, 2017, an order signed by the local administrative judge giving relator permission to file the Contempt Motion. We informed relator that failure to provide the requested documentation by November 13, 2017 would result in dismissal of the proceeding without further notice.

Before the Court is relator's letter dated November 10, 2017 responding to this Court's November 3, 2017 letter. In the November 10, 2017 letter, relator asks the Clerk of the Court to tell relator who authorized the Contempt Motion to be filed as new litigation under a cause number other than 05-17-01143-CV and averred that the Court is required to file any document filed by relator bearing cause number 05-17-01143-CV into cause number 05-17-01143-CV. We treat the November 10, 2017 letter as a motion to transfer the Contempt Motion to cause number 05-17-01143-CV.

We **DENY** the motion to transfer. Cause number 05-17-01143-CV related solely to relator's petition for writ of mandamus seeking review of the trial court's order denying relator permission to file a bill of review. The Contempt Motion is not properly decided with the petition for writ of mandamus in cause number 05-17-01143-CV because it seeks relief beyond the scope of that petition. A vexatious litigant is permitted to seek mandamus review of an order denying him permission to file new litigation within thirty days of the denial. *Reeves v. State*, No. 05-12-01142-CV, 2013 WL 1249713, *1 (Tex. App.—Dallas Feb. 13, 2013, no pet.); TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(f) (West Supp. 2016). A vexatious litigant is not, however, permitted to file additional motions or proceedings in an intermediate appellate court seeking relief beyond review of an order denying permission to file without first getting permission from the local administrative judge to file that proceeding. TEX. CIV. PRAC. & REM. CODE ANN. § 11.102(a)(1), 11.103(a) (West Supp. 2016). Relator's Contempt Motion does not seek review of an order denying him permission to file a motion or litigation. Relator is, therefore, required to obtain permission from the local administrative judge to file the Contempt Motion.

Accordingly, we **ORDER** relator to file, by December 19, 2017, an order signed by the local administrative judge giving relator permission to file the Contempt Motion. Failure to provide the requested documentation by December 19, 2017 will result in dismissal of this proceeding without further notice.

/s/    CRAIG STODDART
        JUSTICE